1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

9    UNITED STATES OF AMERICA,

10           Plaintiff,

11           v.

12    TRACY  SWANSON,
      a/k/a/ Tracy L. Dennis,

13           Defendant.

14

NOS.  CR-08-0173-RHW-1
      CV-11-001-RHW

**ORDER DISMISSING
DEFENDANT'S HABEAS
PETITION**

15           Defendant is an inmate at F.C.I. Dublin, California. On April 9, 2009,

16   Defendant plead guilty to Count 1 of the Superseding Indictment charging

17   Defendant with Conspiracy to Utter Counterfeit Securities of an Organization, in

18   violation of 18 U.S.C. § 371 and 513. On September 3, 2009, Defendant was

19   sentenced to 48 months; 3 years supervised release; and $100 special assessment.

20   Restitution was ordered in the amount of $63,085.60.

21           Defendant appealed her sentence to the Ninth Circuit Court of Appeals.

22   Karen S. Lindholdt was appointed to represent Defendant on appeal.  The Circuit

23   affirmed the conviction and sentence, ruling that the Court properly considered the

24   nature and circumstances of her offense and her mitigating arguments, and

25   ultimately concluded that the sentence imposed was substantially reasonable under

26   the totality of the circumstances (Ct. Rec. 563).

27           On January 3, 2011, Defendant filed a Motion for Habeas Corpus Relief (Ct.

28   Rec. 600).  In her petition, Defendant asserts four claims for relief: (1) ineffective

**ORDER DISMISSING DEFENDANT'S HABEAS PETITION ~ 1**

assistance of counsel because she was not allowed to file an addendum to the Presentence Investigation Report; (2) ineffective assistance of appellate counsel; (3) ineffective assistance of counsel by failing to object to the Presentence Investigation Report; and (4) restitution.

### PRELIMINARY RULE 4 REVIEW

Under 28 U.S.C. § 2255, a federal prisoner may move the court to vacate, set aside, or correct his or her sentence on the grounds that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was not authorized by law; or (4) issues of collateral attack. "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney." 28 U.S.C. § 2255.

Pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts ("Rule 4"), the Court must independently examine a § 2255 motion to determine whether summary dismissal is warranted. Dismissal is appropriate if the movant's allegations, "viewed against the record, either fail to state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal." *Marrow v. United States*, 772 F.2d 525, 526 (9th Cir. 1985). If it plainly appears from the record that Petitioner is not entitled to relief, the Court shall issue an order summarily dismissing the cause of action. Rule 4. If, on the other hand, the Court determines that Defendant may be entitled to relief, the Court shall enter an order requesting the United States Attorney to file an answer. *Id.*

### INEFFECTIVE ASSISTANCE OF COUNSEL

To establish ineffective assistance of counsel, Defendant must show (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced her defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984);

**ORDER DISMISSING DEFENDANT'S HABEAS PETITION ~ 2**

1   *United States v. Fry*, 322 F.3d 1198, 1200 (9th Cir. 2003). To satisfy *Strickland's*

2   first prong, the acts or omissions must fall "outside the wide range of

3   professionally competent assistance." *Id.* at 690. The defendant must show "that

4   counsel made errors so serious that counsel was not functioning as the 'counsel'

5   guaranteed the defendant by the Sixth Amendment." *Id.* at 687. A deficient

6   performance prejudices a defense if there is "a reasonable probability that, but for

7   counsel's unprofessional errors, the result of the proceeding would have been

8   different." *Id.* at 694. "A reasonable probability is a probability sufficient to

9   undermine confidence in the outcome." *Id. Strickland's* second prong thus

10  "requires showing that counsel's errors were so serious as to deprive the defendant

11  of a fair trial, a trial whose result is reliable." *Id.* at 687.

12      The Court starts from the presumption that Defendant's counsel is

13  "competent to provide the guiding hand that the defendant needs." *United States v.*

14  *Cronic*, 466 U.S. 648, 658 (1984); *see also Soppahthavong v. Palmateer*, 378 F.3d

15  859, 868 (9th Cir. 2004), *quoting Strickland*, 466 U.S. at 690 ("A court must

16  scrutinize counsel's performance deferentially: '[C]ounsel is strongly presumed to

17  have rendered adequate assistance and made all significant decisions in the

18  exercise of reasonable professional judgment.'"). Moreover, defense counsel has

19  wide latitude in deciding how best to represent a client. *Yarborough v. Gentry*, 540

20  U.S. 1, 5 (2003). The reasonableness of counsel's chosen trial strategy depends

21  critically "on informed strategic choices made by the defendant and on information

22  supplied by the defendant." *Strickland*, 466 U.S. at 691.

23      The Court has reviewed Defendant's Motion and has concluded that she has

24  failed to state a claim for ineffective assistance of counsel, namely because

25  Defendant has not shown that the result of the proceeding would have been

26  different but for the alleged ineffective assistance of counsel. Moreover, this Court

27  presided over the proceedings in this matter. Defendant's trial counsel adequately

28  represented Defendant at all stages of the proceedings before this Court.

**ORDER DISMISSING DEFENDANT'S HABEAS PETITION ~ 3**

Defendant argues that she was not allowed to file an addendum to the Presentence Investigation report and therefore was denied a chance to explain her side of the prior convictions. Defendant also complains that her prior convictions were included in the Presentence Investigation report. It appears that she believes that her counsel could have requested that the prior convictions not be included in the report. The U.S. Probation officer writes the Presentence Investigation Report. Defendant can file objections to the Presentence Report, which her counsel did for her, but her counsel cannot control the information that is in the Report. Defendant's counsel filed a five-page memorandum that gave additional insight into the information that was contained in the Presentence Investigation Report. The Court carefully considered her objections in fashioning her sentence.

At her change of plea hearing and in the plea agreement itself, Defendant was specifically advised that the Court could reject the parties' recommendations and the sentencing decision was within the discretion of the Court. At the sentencing hearing, Defendant's counsel and the Government's counsel recommended 27 months. Defendant's counsel attempted to minimize her criminal history to the Court and asked the Court to put Defendant's past conduct in perspective, including the fact that Defendant took responsibility for her actions early on. In addition, Defendant was given the opportunity to speak to the Court to shed light on her extensive criminal history. Defendant has not plead sufficient facts to state a claim for ineffective assistance of her trial counsel.

With respect to her appellate counsel, it appears that Defendant's biggest complaint with Ms. Lindholdt is that she did not come to see her while she was in Washington state and she did not effectively communicate with her while she was in California. However, as set forth above, such facts are not sufficient to state a claim for ineffective assistance of counsel. Defendant has not identified any additional arguments that she would have presented to the Ninth Circuit and correspondingly has not shown how the outcome of the appeal would have been

**ORDER DISMISSING DEFENDANT'S HABEAS PETITION ~ 4**

1    different.

2                            **RESTITUTION**

3         Defendant asserts that when she signed the plea agreement, she agreed to

4    restitution in the amount of $63,000, but at sentencing the Presentence

5    Investigation Report relied on $71,000, which raised her BOL by two additional

6    points.  While it is true that the Probation relied on the $71,000 figure, it was not

7    based on the amount of restitution.  Rather, this amount reflected the intended loss.

8    Moreover, the use of the $71,000 was contemplated by the plea agreement.  *See* Ct.

9    Rec. 233, p. 13 ("[T]he United States and the Defendant agree and stipulate that the

10   base offense level should be increased by an additional eight (8) levels because the

11   intended loss was greater than $70,000 but less than $120,000.").

12                            **CONCLUSION**

13        Defendant has failed to allege facts that state a claim for ineffective

14   assistance of counsel.  As such, pursuant to Rule 4, the Court dismisses

15   Defendant's habeas petition.

16        Accordingly, **IT IS HEREBY ORDERED**:

17        1.    Defendant's Motion for Habeas Relief (Ct. Rec. 600) is **dismissed**.

18        **IT IS SO ORDERED.**  The District Court Executive is directed to enter this

19   Order and forward copies to counsel and Defendant.

20        **DATED** this 19th  day of January, 2011.

21

22              *s/Robert H. Whaley*
                ROBERT H. WHALEY
23              United States District Court Judge

24

25   Q:\CRIMINAL\2008\08-173\Swanson\Rule4.wpd

26

27

28

**ORDER DISMISSING DEFENDANT'S HABEAS PETITION ~ 5**